NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| GEORGE WILSON, | : | |
| | : | |
| Petitioner, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 04-5568 (WHW) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

---

**Walls, District Judge**

Before the Court is petitioner's motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, on the grounds that his sentence was unconstitutionally enhanced based on factors neither conceded by the defendant nor proved to a jury beyond a reasonable doubt, contrary to the holding of the United States Supreme Court in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). For the reasons set forth below, Petitioner's application will be denied without an evidentiary hearing.

**FACTS AND PROCEDURAL BACKGROUND**

A federal grand jury indicted George Wilson ("petitioner") on July 7, 1999, for conspiring to sell or otherwise dispose of firearms to a convicted felon in violation of 18 U.S.C. §§ 922(d) and 371, and aiding and abetting in the procurement of firearms by a convicted felon in violation of 18 U.S.C. § 922(g). A trial was conducted in the United States District Court, District of New Jersey before the Honorable Alfred M. Wolin. On December 22, 1999, the petitioner was convicted of both counts.

**NOT FOR PUBLICATION**

On May 3, 2000, following a sentencing hearing, Judge Wolin sentenced petitioner to 60 months on count one, and 70 months on count two, to be served concurrently and to be followed by three years supervised release.  In imposing the sentence, Judge Wolin made the following findings: that petitioner transferred the weapons with reason to believe that the guns would be used in another offense pursuant to United States Sentencing Guidelines ("U.S.S.G") § 2K2.1(b)5; that petitioner transferred five firearms; that petitioner transferred firearms with obliterated serial numbers; and that petitioner obstructed justice.  Based on these findings of fact, Judge Wolin enhanced petitioner's sentence pursuant to U.S.S.G. §2K2.1 (factors involving firearms offenses) and §3C1.1 (obstruction of justice).   Petitioner is currently incarcerated pursuant to that sentence, and is projected to be released on August 13, 2008.

Petitioner contends that Judge Wolin's findings of fact in imposing the sentence were neither conceded by petitioner, nor proved to a jury beyond a reasonable doubt.  In May of 2000, petitioner appealed to the Third Circuit, arguing that the District Court had improperly enhanced his sentence.  The Third Circuit rejected the appeal, and affirmed the judgment of the District Court on May 7, 2001.  Petitioner filed this motion to vacate his sentence on November 9, 2004.

## STANDARD OF REVIEW

Section 2255 provides, in pertinent part, that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitutional or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

NOT FOR PUBLICATION

28 U.S.C. § 2255 (2000); see also Rules Governing §2255 Cases, Rule 1(1).  Petitioner is entitled to relief only if he can establish that he is in custody in violation of federal law or the Constitution.  A district court is given discretion in determining whether to hold an evidentiary hearing on a habeas petition under §2255.  See Gov't of the V.I. v. Forte, 865 F.2d 59, 62 (3d Cir.1989).  In exercising that discretion, the court must first determine whether the petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations.  See Zettlemoyer v. Fulcomer, 923 F.2d 284, 291 (3d Cir.1991).  Accordingly, a district court may summarily dismiss a motion brought under §2255 without a hearing where the "motion, files and records, 'show conclusively that the movant is not entitled to relief.'"  U.S. v. Nahodil, 36 F.3d 323, 326 (3d Cir.1994) (quoting U.S. v. Day, 969 F.2d 39, 41-42 (3d Cir.1992)); Forte, 865 F.2d at 62.

For the reasons outlined below, the Court finds that the evidence in the record conclusively demonstrates that Petitioner is not entitled to the relief sought. Accordingly, Petitioner's application will be denied without an evidentiary hearing.

## DISCUSSION

Petitioner asserts that his sentenced was unconstitutionally enhanced based on factors neither conceded by the defendant nor proved to a jury beyond a reasonable doubt, in violation of Blakely v. Washington, 542 U.S. 296 (2004).  Because petitioner is arguing that his sentencing under the United States Sentencing Guidelines violated his Sixth Amendment rights, however, his claim is really a claim under United States v. Booker, 543 U.S. 220 (2005), which announced that new rule.  See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("Blakely

-3-

**NOT FOR PUBLICATION**

reserved decision about the status of the Federal Sentencing Guidelines, see [Blakely, 542 U.S. at 305 n.9], so Booker itself represents the establishment of a new rule about the federal system.").

Petitioner's conviction became final before Booker was decided.  The Third Circuit has held that "Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker issued."  Lloyd v. U.S., 407 F.3d 608, 616 (3d Cir. 2005).  Accordingly, petitioner's claim fails.

## CONCLUSION

For the reasons set forth above, this Court will deny the petitioner's motion to vacate his sentence pursuant to 28 U.S.C. §2255 without an evidentiary hearing.  Because the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.  See 28 U.S.C. §2253(c). An appropriate Order accompanies this opinion.

**s/William H. Walls**
United States Senior District Judge

**NOT FOR PUBLICATION**

Appearances:

George Wilson
#22574-050
Federal Correctional Institution
5802
PO Box 7000
Fort Dix, NJ 08640
Pro Se

Milagros Camacho
Assistant U.S. Attorney
Office of the US Attorney
970 Broad Street
Newark, NJ 07102